UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TRACY CRAWFORD | CIVIL ACTION NO. 17-1455 |
| | SECTION P |
| VS. | |
| | JUDGE ELIZABETH E. FOOTE |
| ELVAN MCDANIEL | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Tracy Crawford, a former detainee at the Claiborne Parish Detention Center[1] proceeding pro se and in forma pauperis, filed the instant Complaint on November 7, 2017, under 42 U.S.C. § 1983.[2] Plaintiff names Officer Elvan McDaniel as Defendant. For the following reasons, it is recommended that Plaintiff's request for this Court to intervene in his state court proceeding be **DISMISSED WITH PREJUDICE**. It is further recommended that this action be **STAYED**.

**Background**

Plaintiff alleges that, on October 20, 2017, Officer Elvan McDaniel of the Claiborne Parish Police Department questioned him about a stolen firearm. Plaintiff alleges that, although he posed no threat to McDaniel, McDaniel shocked him with a Taser in the lower back. McDaniel then extracted the Taser prongs from Plaintiff's back "without medical assistance," causing Plaintiff to bleed profusely.

Plaintiff claims further that he "did not receive any medical treatment after he was tazed .

---

[1] On June 13, 2018, Plaintiff informed the Court that he was released on bond. [doc. # 14].

[2] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

. . ." [doc. # 9, p. 1]. "He was not bandaged up, but instead [was] brought to Claiborne Detention Center bleeding profoundly from the wound." *Id.* His "lower back was hurting . . . but [he] received no immediate care." Instead of arranging treatment, McDaniel taunted him and stated, "You got exactly what you deserve and keep it up, there will be more where that came from." [doc. # 17, p. 1]. Plaintiff alleges that a nurse at the detention center stated that the arresting officers should have arranged for medical treatment because the detention center was not "equipped to look into such matters without a doctor present." [doc. # 9].

Plaintiff is currently charged with possession of a firearm by a convicted felon. *Id.* at 9. He challenges the charge, contending that "no firearm was ever found on [his] person or property[,]" and that he was charged "due to a statement given by a convicted felon . . . ." *Id.* at 2.

Plaintiff claims that the Taser shock caused him pain and loss of sleep. He seeks dismissal of the pending charge against him and compensation for his medical bills, his injuries, and his lost wages.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

578, 579-80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

Plaintiff, to reiterate, contends that "no firearm was ever found on [his] person or property[,]" and that he was charged "due to a statement given by a convicted felon . . . ." *Id.* at 2. Recognizing that these allegations could represent a collateral attack on his pending charge of possessing a firearm as a convicted felon, the undersigned instructed Plaintiff to clarify whether he intends to challenge the validity of his arrest. [doc. # 10]. Plaintiff, in response, did not disavow or withdraw the challenges. Rather, he amended and alleged that McDaniel "stereotyped" him. [doc. # 17, p. 1]. In addition, Plaintiff did not withdraw his request for lost wages. Plaintiff presumably seeks compensation for wages lost as a result of his arrest and subsequent incarceration.

If Plaintiff is ultimately convicted of the pending charge, he may not be entitled to seek damages for false arrest until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, a successful Section 1983 false-arrest claim, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction on the charge for which he was arrested: possession of a firearm by a person convicted of a felony. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

"'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)). As an example, when a plaintiff pleads guilty to a charge for which he was arrested, allowing him to proceed on his false-arrest claim "would necessarily implicate the validity of [his] convictions because the same conduct that formed the probable cause for [his] arrest also provided the basis for [his] convictions." *Id.* (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[4]

---

[4] See also *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (reasoning that, if the plaintiff "were to prevail on his unlawful seizure claim, he would necessarily undermine the validity of these convictions."); *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false-arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

Federal courts are authorized to stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied). Here, Plaintiff's false-arrest claim is undoubtedly related to rulings that will likely be made concerning his pending charge. Thus, to the extent Plaintiff seeks an injunction[5] or money damages for the alleged improper arrest, the claim should be stayed pending the outcome of the ongoing criminal prosecution.

**3. Abstention**

Plaintiff asks the Court to dismiss his pending charge. [doc. # 1, p. 4]. "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

"Where those three criteria are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is 'flagrantly

---

[5] "*Heck* also applies where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that a conviction is invalid." *Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010).

and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) where other 'extraordinary circumstances' threaten 'irreparable loss [that] is both great and immediate.'" *Id.* (quoting *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)).

Here, Plaintiff asks the Court to interfere in an ongoing state judicial proceeding. The state court proceeding concerns the enforcement of state criminal laws, a subject matter in which the State has an important interest. See *Gates*, 885 F.3d at 880. In addition, Plaintiff has an adequate opportunity to raise his challenges to the state criminal proceedings in state court. To the extent Plaintiff argues that he has been unsuccessful or is likely to be unsuccessful in raising his claims in state court, that is irrelevant: "The relevant question is whether the would-be federal plaintiff has the opportunity to raise his federal claims in state court." *Id.* (cited sources omitted).

Moreover, Plaintiff does not allege that the state proceeding was brought against him in bad faith, he does not challenge a state statute, and he alleges no extraordinary circumstances that threaten irreparable, immediate, and great loss. Accordingly, *Younger* abstention applies, and Plaintiff's request for this Court to intervene in the state court proceeding should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Tracy Crawford's request for this Court to intervene in his state court proceeding be **DISMISSED WITH PREJUDICE** under the *Younger* abstention doctrine.

**IT IS FURTHER RECOMMENDED** that the remainder of this action be **STAYED** under the following conditions:

a. If Plaintiff intends to proceed with his claims, he must, within thirty (30) days

of the date the criminal proceedings against him have concluded, file a motion asking the Court to lift the stay;

b. If the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit;

c. In light of the stay, Plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and

d. Defendant shall not be required to answer during the stay, and Plaintiff may not seek a default judgment or conduct any discovery.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE